**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

Civil Action No. 0:24-cv-61338

CHRISTINA L. STRICKLAND, individually, and on behalf of all others similarly situated,
Plaintiff,
v.

NAVIENT SOLUTIONS, LLC and
JOHN DOES 1-10,
Defendant.
_______________________________________/

**CLASS ACTION COMPLAINT**

**NOW COMES** CHRISTINA L. STRICKLAND ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through her undersigned counsel, complaining of NAVIENT SOLUTIONS, LLC ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq*.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court has observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

**JURISDICTION AND VENUE**

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the TCPA is a federal statute.

5. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

**PARTIES**

7. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Lauderdale Lakes, Florida.

8. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

9. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

10. Defendant is a prominent student loan servicer that services hundreds of thousands of student loans owed by consumers across the United States.

11. Defendant maintains its principal place of business in Wilmington, Delaware.

12. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

13. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

14. JOHN DOES 1-10 are third party vendors/agents that Defendant engages to collect defaulted student loans serviced by Defendant.

15. In the collection calls placed by JOHN DOES 1-10, JOHN DOES 1-10 falsely identify themselves as "Navient."

16. The identities of JOHN DOES 1-10 are unknown to Plaintiff at this time and will be ascertained through discovery.

17. Defendant is vicariously liable for the acts of JOHN DOES 1-10.

18. Upon information and belief, Defendant has an agency relationship with JOHN DOES 1-10 whereby Defendant (as the principal) had the right to control and direct the activities of JOHN DOES 1-10 (as the agent) and JOHN DOES 1-10 had the authority to act on behalf of Defendant. Accordingly, Defendant, as the principal of JOHN DOES 1-10, is vicariously liable for the acts of JOHN DOES 1-10.

## FACTUAL ALLEGATIONS

19. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 2090.

20. At all times relevant, Plaintiff's number ending in 2090 was assigned to a cellular telephone service.

21. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

22. Prior to the events that give rise to the instant action, Plaintiff took out multiple student loans to finance her college education ("subject loans").

23. At some point in time, Defendant began servicing the subject loans.

24. In the Spring of 2024, Plaintiff started receiving collection calls from Defendant in connection with the subject loans.

25. Specifically, Defendant would place repeated collection calls to Plaintiff throughout the day, including while she was at work.

26. The collection calls during the work day were highly disruptive and distracting for Plaintiff.

27. On or about April 16, 2024, frustrated with Defendant's collection calls, Plaintiff answered one of Defendant's phone calls and (1) explained to Defendant that she was unable to make a payment at that time; (2) explained that she will be reprimanded by her employer if she continues to receive calls at work; and, (3) **requested that Defendant cease all collection calls to her cellular phone number.**

28. Despite Plaintiff's request that the collection calls cease, Defendant continued placing collection calls to Plaintiff's cellular phone number, including calls from the phone numbers (302) 217-7100 and (800) 828-0146.

29. In the calls that Plaintiff did not answer, Defendant left prerecorded voicemails ("robocalls") on Plaintiff's cellular phone stating:

> "Information and self-service your account on www.navient.com. Click on manage your loans or you can call us toll-free at 888-272-5543. Thank you."

30. It was clear to Plaintiff that Defendant's voicemails utilized an artificial and/or prerecorded voice because (1) all voicemails contained the identical message; (2) all voicemails were precisely the same duration; (3) the voicemails were all monotone and were conspicuously not left by a live representative; (4) none of the voicemails identified Plaintiff by name; (5) all voicemails referred Plaintiff to the same toll-free number; and (6) none of the voicemails identified the individual that was calling by name.

31. In total, Defendant placed no less than a dozen (12) robocalls calls to Plaintiff's cellular phone number after Plaintiff initially requested that the calls cease on or about April 16, 2024.

32. Defendant's collection calls invaded Plaintiff's privacy and caused Plaintiff damages, including: aggravation that accompanies unwanted phone calls, increased risk of personal injury resulting from the distraction caused by the phone calls, nuisance, annoyance, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

33. Moreover, each time Defendant placed a telephone call to Plaintiff's cellular phone number, Defendant occupied Plaintiff's cellular phone number such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

34. Due to Defendant's refusal to honor Plaintiff's request that the calls cease, Plaintiff was forced to retain counsel to compel Defendant to cease its abusive collection practices.

## CLASS ALLEGATIONS

35. Paragraphs 19 through 34 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

36. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All individuals in the United States (1) to whom Defendant or a third party acting on Defendant's behalf, placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without the individual's consent; (5) within the four years preceding the date of this complaint through the date of class certification.

37. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) individuals who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded individuals; and (6) individuals whose claims against Defendant have been fully and finally adjudicated and/or released.

**A. Numerosity**

38. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

39. The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

40. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

41. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B. Commonality and Predominance**

42. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

43. Those questions predominate over any questions that may affect individual members of the Putative Class.

**C. Typicality**

44. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**D. Superiority and Manageability**

45. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

46. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

47. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

48. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E. Adequate Representation**

49. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

50. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

51. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
### Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)
### (On behalf of Plaintiff and the Members of the Putative Class)

52. Paragraphs 19 through 34 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

53. Defendant violated § 227 (b)(1)(A)(iii) of the TCPA by placing no less than a dozen (12) non-emergency calls to Plaintiff's cellular phone number utilizing an artificial or prerecorded voice without Plaintiff's consent.

54. As pled above, Defendant utilized an artificial and/or prerecorded voice that automatically played upon the call reaching Plaintiffs' voicemail.

55. Defendant did not have consent to place calls to Plaintiff's cellular phone after Plaintiff requested that the collection calls cease.

56. Upon information and belief, Defendant does not maintain adequate policies and procedures to ensure compliance with the TCPA.

57. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits at the expense of Plaintiff and the Putative Class.

58. As pled above, Plaintiff was harmed by Defendant's unlawful collection calls.

**WHEREFORE**, Plaintiff on behalf of herself and the members of the Putative Class, requests the following relief:

A. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. a judgment in Plaintiff's favor finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

C. an order enjoining Defendant from placing further unlawful calls to Plaintiff and the members of the Putative Class;

D. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

E. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

F. any further relief this Court deems just and proper.

**COUNT II:**
**Violations of the Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq*.)**
**(Plaintiff individually)**

59. Paragraphs 19 through 34 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

60. Section 559.72(7) of the FCCPA provides:

In collecting consumer debts, no person shall:

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

61. Defendant violated § 559.72(7) of the FCCPA by continuously calling Plaintiff after Plaintiff requested that the calls cease.

62. Defendant's collection calls were placed with the intent to harass or abuse Plaintiff and pressure Plaintiff into making payment on her student loans.

63. Defendant's intent to harass or abuse Plaintiff is demonstrated by the fact that Defendant continued placing its harassing collection calls after Plaintiff requested that the calls cease.

**WHEREFORE**, Plaintiff requests the following relief:

A. a judgment in Plaintiff's favor for Defendant's violations of the FCCPA;

B. an award of actual damages sustained by Plaintiff as a result of Defendant's violations of the FCCPA;

C. an award of statutory damages in the amount of $1,000.00;

D. an award of reasonable attorney's fees and costs; and

E. any further relief this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: July 25, 2024

Respectfully submitted,

**CHRISTINA L. STRICKLAND**

By: /s/ *Alexander J. Taylor*

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180
ataylor@sulaimanlaw.com